# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

COAL RIVER MOUNTAIN WATCH,
APPALACHIAN VOICES, and
SIERRA CLUB,

    Plaintiffs,

vs.                                              CIVIL ACTION NO. 5:18-cv-01449

REPUBLIC ENERGY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiffs' *Complaint for Declaratory and Injunctive Relief* (Document 1), the Defendant *Republic Energy LLC's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1), (6) & (7)* (Document 16), the Defendant's *Memorandum in Support of Republic Energy, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1), (6) & (7)* (Document 17), the Plaintiffs' *Memorandum in Opposition to Defendant's Motion to Dismiss* (Document 23), the Defendant's *Reply in Support of Republic Energy, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1), (6) & (7)* (Document 26), as well as all attached exhibits. For the reasons stated herein, the Court finds that the *Motion to Dismiss* should be granted.

## STATUTORY FRAMEWORK

Congress enacted the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201, *et seq.*, ("SMCRA") to establish minimum national standards for the regulation of surface

coal mining. *See Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275, 288 (4th Cir. 2001). Under SMCRA, a state may assume "exclusive" jurisdiction over the regulation of surface coal mining by enacting its own regulatory program that incorporates SMCRA's minimum standards, and may incorporate more stringent, but not inconsistent standards. *Id*. If the Secretary of the Interior approved a state's regulatory program, that state would then enjoy "exclusive jurisdiction over the regulation of surface coal mining" within its borders. *See* 30 U.S.C. § 1253(a). This exclusive regulatory authority is referred to as "primacy." *Bragg*, 248 F.3d at 288-289. The Secretary of the Interior approved West Virginia's submission for such a regulatory program in 1981, thus granting West Virginia "primacy" status, and therefore, the ability to exclusively regulate coal mining in the State. *See* 30 C.F.R. § 948.10. As part of this program, the West Virginia legislature enacted a statute entitled the "Surface Coal Mining and Reclamation Act" (hereinafter "WVSCMRA"). *See* W. Va. Code § 22-3-1 *et seq*. As amended, WVSCMRA vests the Director of the State Division of Environmental Protection (hereinafter "WVDEP") with the authority to administer the Act and otherwise to provide for the regulation of surface coal mining within the State. *See* W. Va. Code § 22-3-4. WVSCMRA sets out minimum performance standards that mirror those found in SMCRA, and WVDEP exercises its statutorily granted power to promulgate State regulations that parallel those issued by the Secretary of the Interior pursuant to the federal act, including those with regard to issuing mining permits. *See* 38 W. Va. Code St. R. § 2–1 *et seq*.

## FACTUAL ALLEGATIONS[1]

The Plaintiffs, Coal River Mountain Watch, Appalachian Voices, and the Sierra Club (hereinafter collectively referred to as "the Citizen Groups") are nonprofit environmentalist

---

[1] The facts recounted herein are drawn from the Complaint for Declaratory and Injunctive Relief.

corporations that filed their complaint for declaratory and injunctive relief on November 15, 2018. The Citizen Groups want to stop Defendant Republic Energy, LLC (hereinafter "Republic") from conducting surface coal mining operations at the Eagle No. 2 Surface Mine located in Clear Fork and Marsh Fork Districts of Raleigh County, West Virginia, because Republic has allegedly been operating on an invalid mining permit in violation of SMCRA and WVSCMRA. The Citizen Groups assert that Republic's mining permit terminated pursuant to 30 U.S.C. § 1256(c) and W.Va. Code § 22-3-8(a)(3) on June 7, 2011, because no coal mining activities had occurred within three years of its issuance.

The Citizen Groups state that WVDEP initially issued the permit on June 6, 2008, to Marfork Coal Company ("Marfork"), Republic's predecessor. Although the SMCRA and WVSCMRA allow extensions to the three-year deadline, if timely made, upon a showing of certain conditions, Marfork did not make a timely request for an extension or provide any of the enumerated statutory justifications for an extension. Nevertheless, on February 9, 2012, WVDEP granted Marfork an extension of the period for commencement of mining operations. In addition to other irregularities[2] by WVDEP with respect to other extensions, on May 18, 2015, WVDEP approved Marfork's request to transfer its permit to Republic. Republic requested and received another extension alleging that it would otherwise suffer financial hardship, which is not a recognized statutory justification for extension. On March 19, 2018, Republic commenced surface

---

[2] For instance, the Citizen Groups state that they were unable to find any record that WVDEP provided the public with the required notices of its decision to extend the periods for commencement of mining or that WVDEP had performed any assessments or otherwise determined that the mining permit for the designated area complied with both federal and state environmental protections since June 2011.

3

mining operations at the Eagle No. 2 Surface Mine. To the extent it had not previously terminated, the mining permit expired on June 6, 2018.[3]

## STANDARD OF REVIEW

*A. Rule 12(b)(1)*

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

---

[3] In its *Reply in Support of Republic Energy, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1), (6) & (7)* filed on March 15, 2019 (Document 26), Republic asserts that the permit had been renewed on January 10, 2019. This is discussed further, *infra*.

*B. 12(b)(6)*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals

5

of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### C. 12(b)(7)

Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to assert a defense by motion for failure to join a party required under Rule 19. Fed. R. Civ. P. 12(b)(7). Rule 19(a)(1)(B) provides that a party is required if: "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interests; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* 19(a)(1)(B). If joinder of the required party is feasible, and the existing parties have failed to join it, the party may be joined by court order. *Id.* 19(a)(2).

Dismissal based on nonjoinder is disfavored. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999). Therefore, courts conduct a two-step inquiry. First, courts consider whether a party is necessary "because of its relationship to the matter under consideration." *Id.* at 440. Next, "[i]f a party is necessary, it will be ordered into the action." *Id.* Only when a party cannot be joined will the court "determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Id.* (noting that joinder is not feasible in a diversity case if the required party would destroy diversity jurisdiction).

### D. *Younger and Burford Abstention Doctrines*

"Under the *Younger*-abstention doctrine[4], interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996).

However, "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States," *New Orleans Public Service, Inc. v. Council of City of New Orleans,*

---

[4] Pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Burford v. Sun Oil Co.*, 319 U.S. 315, 332 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (holding abstention appropriate where state courts were so closely integrated into the oil and gas regulatory scheme that potentially inconsistent decisions by federal courts would threaten its administration).

7

491 U.S. 350, 368, 109 S.Ct. 2506, 105 L.Ed.2d 298 (*NOPSI*). *NOPSI* identified three such "exceptional circumstances." First, *Younger* precludes federal intrusion into ongoing state criminal prosecutions. *Id*. Second, certain "civil enforcement proceedings" warrant *Younger* abstention. *Id*. Finally, federal courts should refrain from interfering with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*.

Under the *Buford* abstention doctrine, "where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of public concern."" *(NOPSI, supra)*

## DISCUSSION

Republic sets forth several grounds for dismissal of this action, and alternatively, argues that a stay or dismissal of these proceedings is appropriate because there was a parallel case pending before the West Virginia Surface Mine Board, and this action serves as a collateral attack on the permitting decisions issued by WVDEP.

With respect to the first and second grounds supporting dismissal, Republic contends the Court lacks subject matter jurisdiction and that the Citizen Groups have filed a claim for which no relief can be granted. The crux of the Citizen Groups' complaint is that Republic's (and/or its predecessor's) mining permit terminated in 2011 and should not have been renewed by WVDEP,

and that the permit, despite having been terminated as a matter of law, is invalid. In essence, the Citizen Groups take issue with WVDEP's permitting authority, but have improperly filed this suit against a private operator. 30 U.S.C. § 1270(a)(1) only allows lawsuits "against any other person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter." It argues that this cannot be construed to mean that the Citizen Groups can sue Republic for a violation of the SMCRA (or WVSMCRA) itself. See, *Okla. Wildlife Fed'n v. Hodel*, 642 F. Supp. 569, 571-572 (N.D. Okla. 1986); *see also*, *Save Our Cumberland Mountains, Inc. v. Lujan*, 963 F.2d 1541, 1543 n.1 (D.C. Cir. 1992).

Republic points to the District Court of Alaska for further support on this precise issue. In *Friends of Mat-Su v. Usibelli Coal Mine, Inc.*, 2012 WL 12871623 (D. Alaska Sept. 13, 2012), a citizen group sued a mining company for failing to obtain an extension to the three-year period within which to commence mining operations, arguing that the permits terminated as a matter of law. The *Usibelli* Court determined that the dispute centered on the alleged invalidity of the mining permits and, therefore, the citizen group's grievance rested with the state's issuing authority, not with the private mining company. Therefore, the action was dismissed for both failure to state a claim and for failure to join an indispensable party.

Republic further argues that the Fourth Circuit has held that the SMCRA's citizen suit provision only subjects permittees to responsibility for their own actions and not those of the regulatory authority. *See Molinary v. Powell Mountain Coal Company*, 125 F.3d 231 (4th Cir. 1997). *Molinary* involved a suit brought on behalf of a class of heirs against a coal company that was mining on private land. The surface of the mined property was co-owned by the coal company and the heirs. The application for the surface mining permit failed to list each owner by name and

address and failed to show authorization, by consent of the surface owners, express conveyance or other legal authority, to mine coal as required by regulation. The permit was nevertheless approved. The Court determined that the permitting agency routinely approved permits based on incomplete applications and that the misconduct rested with the regulatory authority's permitting decision, not with the permittee, which had been sued.

Next, Republic argues that this case must be dismissed as WVDEP is an indispensable party that cannot be joined. Because this lawsuit is about irregularities with WVDEP's permitting authority, WVDEP is a required party under Rule 19(a) of the Federal Rules of Civil Procedure. The Citizen Groups have admitted that WVDEP defended its decision to extend the three-year commencement deadline to the Office of Surface Mining Reclamation and Enforcement (OSM), indicating that WVDEP, as the primary enforcer of SMCRA (WVSMCRA), has an interest related to this action. Therefore, any resolution in this proceeding potentially impairs or impedes that interest, leaving Republic subject to multiple or inconsistent obligations. Should this case proceed without WVDEP, Republic faces the possibility of being ordered to cease mining on a permit that WVDEP still views as valid. Further, WVDEP cannot be joined in this action since citizen suits under SMCRA against state agencies are only allowed "to the extent permitted by the eleventh amendment to the Constitution." WVDEP is immune because it is an arm of the State. *See* 33 U.S.C. § 1365(a)(1)(ii); 30 U.S.C. § 1270(a)(1) & (2); *Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001); *see, e.g.*, *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Westinghouse Elec. Corp. v. W.V. Dep't of Highways*, 845 F.2d 468 (4th Cir. 1988).

Republic states that under Rule 19(b), this action must be dismissed because if this Court determines Republic's permit is invalid or that it must cease operations without WVDEP, both

Republic and WVDEP are prejudiced and that tailoring any relief is not possible given the circumstances herein. Further, Republic argues that relief is available in another forum, before the West Virginia Surface Mine Board, where all parties in this case can appeal Republic's permit issued by WVDEP and this Court's dismissal would still allow the Citizen Groups an adequate remedy for the alleged illegal permit renewal before the West Virginia Surface Mine Board.

Alternatively, Republic argues that this Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[5] Also, the State's primacy jurisdiction supports dismissal of this action. OSM has jurisdiction over surface mining through SMCRA, and OSM approved West Virginia as a primacy state via passage of WVSCMRA. Since then, the West Virginia Legislature designated WVDEP as the exclusive enforcement agency over surface mining through WVSCMRA. Both federal and state laws recognize WVDEP as the agency with jurisdiction over WVSCMRA claims. Abstention is therefore appropriate under either *Younger* or *Burford* because West Virginia's regulatory framework commits permitting decisions, and challenges to those decisions, to the expertise of WVDEP and the West Virginia Surface Mine Board.

The Citizen Groups assert that Republic's mining permit terminated by clear and unambiguous operation of law, and that Republic has engaged in mining operations despite having no legal permit to do so. The Citizen Groups also argue that SMCRA allows this lawsuit to proceed because Republic is in violation of SMCRA by mining without a valid permit. Dismissal is not proper under Rule 12(b)(1) or 12(b)(6) because the allegations in the complaint and Republic's

---

[5] At the time Republic filed its motion to dismiss, there was an ongoing administrative proceeding before the West Virginia Surface Mine Board, when WVDEP renewed Republic's mining permit on January 10, 2019. Pursuant to W.Va. Code § 22-3-17(e), "[a]ny person having an interest which is or may be adversely affected by any order of the director or the surface mine board may file an appeal . . . within thirty days after receipt of the order." The parties have indicated that no appeal has been filed. Therefore, the January 10, 2019 renewal is final, and the parties concede that there is no longer an ongoing pending state administrative proceeding.

pertinent admissions thereto fall squarely within this Court's jurisdiction. Simply put, Republic's permit terminated in 2011 without any action by the Secretary of the Interior or WVDEP. The Citizen Groups seek relief for Republic's unlawful mining on a terminated permit, and WVDEP's actions post-termination are of no moment to this civil action.

The Citizen Groups also argue that WVDEP is not an indispensable party because it has no cognizable interest in the outcome of this case. Republic's permit terminated without any action by WVDEP. WVDEP has not actively asserted its interest in State court or exercised its rulemaking authority but has followed a passive course of action despite over five years of ongoing litigation over this issue. The Citizen Groups urge the Court to hold that WVDEP has not claimed an interest in the subject of this action to warrant it a necessary party. Further, Republic will not be exposed to potentially inconsistent obligations without WVDEP as a party herein, because WVDEP and the West Virginia Surface Mining Board cannot ignore a final unappealable judgment in favor of the Citizen Groups from this Court.

The Citizen Groups argue that abstention pursuant to *Younger* is unwarranted, because there is no pending state proceeding, and further, this Court has previously found that statutory enforcement schemes, such as SMCRA, contemplate the existence of concurrent state and federal proceedings where governmental enforcement is not adequate to bring a violator in compliance. *See Ohio Valley Envtl. Coalition, Inc. v. Hobet Mining, LLC*, 723 F. Supp. 2d 886 (S.D.W.Va. 2010) (Chambers, J.). Finally, they argue that application of primacy jurisdiction is also unwarranted because Congress intended, through enactment of SMCRA, that citizen suits proceed without regard to pending administrative proceedings.

Action Barred Under SMCRA

The civil action pending before this Court is clearly a lawsuit brought by the Citizen Groups against Republic, a private operator, for mining under a permit issued in violation of SMCRA. 30 U.S.C. § 1270 provides:

> **(a) Civil action to compel compliance with this chapter**
> Except as provided in subsection (b) of this section, any person having an interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this chapter--
> **(1)** against the United States or any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution which is alleged to be in violation of the provisions of this chapter or of any rule, regulation, order or permit issued pursuant thereto, *or against any other person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter*; or
> **(2)** against the Secretary or the appropriate State regulatory authority to the extent permitted by the eleventh amendment to the Constitution where there is alleged a failure of the Secretary or the appropriate State regulatory authority to perform any act or duty under this chapter which is not discretionary with the Secretary or with the appropriate State regulatory authority.
>
> **(b) Limitation on bringing of action**
> No action may be commenced--
> **(1)** under subsection (a)(1) of this section--
> **(A)** prior to sixty days after the plaintiff has given notice in writing of the violation (i) to the Secretary, (ii) to the State in which the violation occurs, and (iii) to any alleged violator
>
> **(c)(2)** In such action under this section, the Secretary, or the State regulatory authority, if not a party, may intervene as a matter of right.

(**bold** in original) (*italics* supplied). The parties herein do not dispute the factual allegations that concern Republic's surface mining permit. In short, the undisputed facts are that even though three years lapsed without the mining of coal and without any request for an extension of Markfork's permit, WVDEP extended the three-year statutory deadline. It is also undisputed that WVDEP's retroactive extension triggered an inquiry from the federal Office of Surface Mining

Reclamation and Enforcement (OSM) by way of its Charleston Field Office. OSM officially initiated the Ten-Day Notice ("TDN") process[6], requesting WVDEP to respond to the allegation that the permit had terminated. There is also no dispute that ultimately, OSM determined that WVDEP's action relative to extending the period under the permit for Marfork to commence mining in February of 2012, was not arbitrary or an abuse of discretion. In OSM's words, "WVDEP has taken appropriate action to assure that the violation was corrected or shown good cause for failing to do so." (*See* Document 16-3 at 13)

By letter dated February 15, 2019, to WVDEP, OSM"s Charleston Field Office indicated that "in addition to the threat of litigation, there were conditions beyond the control of the permittee that justify the retroactive extension at the time of the 2013 termination date." (*See* Document 26-1 at 6-7) This letter indicates that the permit at issue in this case has been determined to be valid by OSM, despite WVDEP's retroactive extensions. With regard to the "litigation" mentioned in the letter, Republic points out that OSM and Plaintiff Coal River Mountain Watch had commenced litigation in the D.C. District Court to address the validity of the subject permit.[7] Subsequently, the D.C. District Court granted OSM's motion for vacatur and voluntary remand on December 26, 2016, allowing OSM to issue a new TDN to WVDEP to allow the State authority to explain the retroactive extension of the period of commencement of mining for the subject permit. The

---

[6] OSM's oversight of surface mining regulations is initiated through the TDN process under 30 C.F.R. §§ 842.11, 843.12.

[7] Plaintiff Coal River Mountain Watch also filed suit in this Court that concerned the subject permit on October 21, 2013. *See*, *Coal River Mountain Watch v. United States Department of the Interior, Sally Jewell, in her official capacity as Secretary of the Interior, the Office of Surface Mining Reclamation and Enforcement and Joseph Pizarchik, in his official capacity as Director of the Office of Surface Mining Reclamation*, Case No. 2:13-cv-26251 (S.D.W.Va.) (Copenhaver, J.). This matter was dismissed without prejudice on October 18, 2016. (See Case No. 2:13-cv-26251, Document 29)

February 15, 2019 letter concerns the final decision by OSM's Charleston Field Office on the matter.

The Court has thoroughly reviewed the two cases from Alaska that both parties referenced in their pleadings that are factually close to this case. In *Friends of Mat-Su, et al. v. Usibelli Coal Mine, Inc.*, 2012 WL 12871623 (D. Alaska Sept. 13, 2012), citizen groups sued a coal mining company under SMCRA and its Alaskan counterpart, ASCMCRA, because mining did not commence within three years of the issuance of the permit. It is noted that the operator twice requested an extension *before* the permit terminated by operation of law. The regulatory authority renewed[8] the permits, for which the citizen groups argued there was no provision in law inasmuch as the permits had terminated. The *Usibelli* court granted the operator's motion to dismiss, noting that *Bragg v. West Virginia Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001) provides that if a state fails to enforce standards for surface mining regulations, it does not automatically forfeit its exclusive regulation under primacy jurisdiction absent federal withdrawal of that regulatory control, and because state law was deemed to be controlling. The court could not direct the state to enforce its own laws. The court reasoned that "the state would be prejudiced by any judgment that invalidated the permits because it would not be able to protect its interest in the permitting system created under ASCMCRA or defend the permitting decisions it made in relation to the Wishbone Hill Mine." *Id*. at *6.

The *Usibelli* matter was followed by *Castle Mountain Coalition, et al. vs. Office of Surface Mining Reclamation and Enforcement, et al.,* 2016 WL 3688424 (D. Alaska July 7, 2016). Usibelli appeared as an intervenor-defendant and Plaintiff Coal River Mountain Watch appeared as *amicus*

---

[8] This action becomes a distinct issue in the related case that followed, *Castle Mountain Coalition, et al. vs. Office of Surface Mining Reclamation and Enforcement, et al.*, 2016 WL 3688424 (D. Alaska July 7, 2016).

*curiae*. This case involved the same permits at issue in the earlier *Usibelli* case, *supra*. The citizen groups moved for summary judgment to vacate and set aside OSM's determination that the permits were valid. The court vacated the decision issued by the state regulatory authority and OSM and remanded the matter holding there was no proper "extension" of the period to commence mining, just renewals, and the law provides such permits "shall terminate" if no mining is conducted within three years of issuance without an extension based on the reasons permitted by the statute.

Although informative, the Court finds that these cases are distinguishable from the case at bar inasmuch as there was no 'renewal' of the Marfork/Republic permit, but a retroactive extension of the period to commence mining *which has been approved by WVDEP and OSM based on West Virginia regulation and established agency procedural policies.* A review of OSM's February 15, 2019 letter to WVDEP reveals that OSM found, w*ith respect to Potential Violation #1,* that "WVDEP's action was not arbitrary, capricious, or an abuse of discretion under the approved State program" and with respect to Potential Violation #2, that "the permittee's retroactive extension request, contained in its October 30, 2018 was timely because WVDEP did not follow its 1993 policy to notify the permittee of the upcoming permit termination date and the need for an extension in March 2013." (26-1 at 4 and7) It was the *agency's* conduct that was at issue with respect to both potential violations.

The events that unfolded prior to and parallel to the proceedings herein indicate that OSM and WVDEP determined Republic's permit was *valid*, that the reasoning behind the retroactive extensions were legitimate, and that OSM determined WVDEP had the authority to retroactively extend the time to commence mining under the West Virginia approved state program. (*See, also* ECF 16-4 at 15) In short, by way of this civil action, the Citizen Groups ask this Court to enter an

order invalidating Republic's surface mining permit despite the fact that the State regulatory agency, as well as its federal counterpart, have previously determined the permit was valid.[9]

Most important, however, under 30 U.S.C. § 1270(a)(1), this civil action is barred because Republic is not in violation of its permit. Republic has a valid, and approved, permit. Despite argument to the contrary, the essence of the Citizen Groups' complaint is that the permit <u>was issued (or extended) in violation of the statute</u>. As noted by Republic, the Senate's Conference Report that accompanied H.R. 25 concerning certain amendments to SMCRA explained that this provision was specifically worded to prevent operators from being sued for perceived permit defects:

> Subsection (a) assures that no **operator** can be sued *under this section* if he is operating in compliance with all regulations, orders, and an **approved permit**, even though the regulatory authority or the Secretary has failed to properly implement the Act. In such cases, the suit must be brought against the regulatory authority.

S. Rpt. No. 101, 94th Cong., 1st Session 84 (1975) (*italics* in original) (**bold** supplied). (Document 17 at 15) The Court finds this language to be directly on point. The Citizen Groups brought suit here against an "operator", Republic, which has, since 2018, been "operating in compliance" on "an approved permit." This fact distinguishes this case from a citizen suit against a permittee or operator acting in violation of the terms and conditions of the permit or regulation. It is also noteworthy that the Fourth Circuit in *Molinary*, *supra*, has recognized that where the alleged misconduct rests with the permitting agency or regulatory authority and is the primary cause for a citizen suit, the action must be dismissed.

---

[9] The undersigned is mindful that the machinations that took place to justify the retroactive extension of the period to commence mining appear to circumvent the original intent of the automatic termination provisions in 30 U.S.C. § 1256(c) and W. Va. Code § 22-3-8(3). However, this conduct is attributed to the permitting authority, not to the operator.

As cited above, the exhibits attached to Republic's motion and reply indicate that WVDEP's interpretation of West Virginia law as well as implementation of its own internal "January 1993 Policy" were instrumental in the decision to retroactively extend Marfork's surface mining permit. (*See, e.g.*, Document 16-1)  Ultimately, after years of review concerning this permit, OSM determined that "WVDEP's extension of Marfork's permit in 2012, even though mining under the permit did not commence within three years of permit issuance, was permissible under West Virginia's approved State program." (*See* Document 16-4 at 15)  The Court is not taking the position that it could never entertain jurisdiction over violations of SMCRA.  However, again, the crux of the Citizen Groups case at bar is that the alleged misconduct complained of rests with WVDEP and/or OSM, *not* with Republic.

In the light of day, the allegations of the complaint filed herein concern the actions taken by the regulatory authority by issuing a permit, transferring and extending the same in contravention of SMCRA.  After carefully examining the applicable case law, the pleadings and exhibits submitted by the parties, the express congressional intent from the legislative history coupled with the proper statutory construction, the Court concludes that pursuant to 30 U.S.C. § 1270(a)(1), it lacks subject matter jurisdiction over the issues raised in the Citizen Groups' complaint against Republic.  Having determined that the Court lacks subject matter jurisdiction, the Court need not determine whether WVDEP is an indispensable party under Rule 19 or whether the *Younger* and *Burford* abstention doctrines or primacy jurisdiction are applicable. *See Fed. R. Civ. Proc.* 12(h)(3).

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Republic Energy LLC's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1), (6) & (7)* (Document 16) be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1), and that the *Complaint for Declaratory and Injunctive Relief* (Document 1) be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 12, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA